UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN ZWERIN, On his own behalf and on Behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LAWLINE, a New York corporation; ALM MEDIA HOLDINGS, a Delaware corporation; and TRT CLE, a New York corporation,<br><br>Defendants. | No. 2:21-cv-00780<br><br>CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT |

## I.

## INTRODUCTION

Attorneys licensed in 46 states are subject to mandatory Continuing Legal Education (CLE) requirements as a condition of maintaining their licenses. At least in part because of that mandated patronage, providing CLE courses accepted by various state bars is a thriving business, and has attracted many entrants, including Defendants. Many of those courses are offered online, either live in real time or recorded. Because of convenience and flexibility, the online format is attractive to many attorneys. Online offerings are generally less expensive than many live CLE courses.

Plaintiff Zwerin has a significant hearing loss, as do many other attorneys, and he is unable to fully understand and benefit from online CLE courses using the online audio. He requires captioning, in which the spoken material is put into written form displayed in synch

CLASS ACTION COMPLAINT - 1

with the oral presentation. None of the Defendants offer captioning, and they therefore deny Zwerin and all members of the putative class the benefit of their course offerings.

As is set forth in this Complaint, the Americans with Disabilities Act (ADA) requires CLE providers to make those accommodations available. The Complaint seeks 1) a declaratory judgment stating that Defendants must provide those accommodations, 2) a nationwide injunction requiring Defendants to offer those accommodations to Mr. Zwerin and to any other similarly situated attorneys who wish to take Defendants' CLE courses, and to publicize the availability of those accommodation, and 3) for attorneys' fees and litigation costs and expenses.

## II.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 because the claims are made under the federal Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and specifically 42 U.S.C. § 12189, which applies to person that offer courses related to licensing. This Court may grant equitable relief pursuant to 42 U.S.C. § 12188(a)(1) and (2), and may award fees, costs and expenses to a prevailing party pursuant to 42 U.S.C. § 12205.

2. This Court has personal jurisdiction over non-resident Defendants because all of them actively solicit business in Washington, advertise that their courses will fulfill Washington CLE requirements and have undertaken the necessary steps to qualify as approved CLE providers in Washington. This case arises out of those purposeful acts by Defendants.

3. Venue is proper in this district and division because plaintiff Zwerin is a resident and some of the acts and omissions giving rise to this case occurred here.

CLASS ACTION COMPLAINT - 2

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## III.

## THE PARTIES

4. Plaintiff Steven Zwerin is an attorney licenses in Washington and a resident of Seattle, Washington. He is employed by the City of Seattle as the Director of Human Resources Investigations, leading workplace investigations, and providing conflict-resolution programs and training to Human Resources personnel and management for the City of Seattle's 12,000 employees. He graduated from Seattle University's School of Law in 1998.

5. Defendant Lawline, https://www.lawline.com/, is a New York for-profit corporation headquartered in New York City. Lawline is an accredited Washington CLE provider, #9113811.

6. Defendant ALM Media Holdings is a Delaware corporation headquartered in New York City offering CLE courses under the name of CLE Center, https://clecenter.com/. CLE Center is an approved Washington provider.

7. Defendant TRT CLE, https://www.trtcle.com/, is a private New York corporation headquartered in New York City. TRT CLE is an approved Washington provider.

## IV.

## OPERATIVE FACTS

8. Washington requires attorneys to complete and report 45 hours of CLE every three years. Washington permits some of those hours to be obtained through online, on-demand courses, and during the Covid quarantine, permits all 45 hours to be earned through on-demand online courses.

9. All Defendants offer individual courses approved for CLE credit by the Washington State Bar. All Defendants also offer both annual individual CLE passes and "bundles" of pre-approved Washington courses sufficient to satisfy the full 45-hour CLE requirement with a single purchase. Both the unlimited annual package and the Washington bundle are offered at a very substantial savings over the individually purchased courses.

10. Plaintiff Zwerin has been deaf in his right ear since infancy, and had a severe-to-profound impairment in his left ear, in which he wore a hearing aid. He now has cochlear implants (CIs) in both ears, and when he removes his external processors, he is totally deaf.

11. Zwerin estimates that with his two CIs, he is now able to understand between 50 and 60% of material transmitted through online feeds, but reports that the concentration required to comprehend even that portion of the aural material is exhausting.

12. Zwerin watches television with the captions engaged, and the captions enable him to enjoy television. Similarly, he could gain the benefit of online CLE if the video feed included captions that could be activated by the viewer.

13. On January 10, 2021, Zwerin sent an email to the customer support desk at Lawline asking if a course entitled "Ethical Issues in Employment Law" was or could be captioned. He received a response from Cherisse Franklin on Jan. 11 stating that while some new courses might be captioned, the archived material, which makes up the vast majority of Lawline's offerings, was not captioned. Zwerin then asked whether captions for archived material and for the Washington bundle could be provided on demand. Ms. Franklin said she would investigate, but Zwerin received no further responses.

14. On January 10, 2021, Zwerin sent an email to the CLE Counselor support desk at CLE Center asking if the Washington bundle is captioned. He has received no response.

15. On April 23, counsel sent letters by email attachment to all Defendants on behalf of Zwerin and seven other deaf and hard of hearing attorneys asking whether captioning was or could be provided, asking for a response on or before May 14 and stating that a failure to respond would be construed as a denial of those requests. While several recipients of the letter responded positively, stating either that captioning was in fact available or would be provided in the future, Defendants did not respond, and have not done so.

16. Zwerin has checked the websites of all Defendants, and while he has located courses he would be interested in considering, he has found no indication that the courses are

captioned and therefore accessible to him. He would therefore have to buy those courses without any way of knowing whether he could benefit from them.

17. Zwerin and other members of the putative class of deaf and hard of hearing attorneys are entitled to the same range of CLE options available to attorneys without hearing impairments.

18. If the Defendants provided captioning and made that availability known, Zwerin and other members of the putative class would be able to at least consider those courses as possible means of satisfying their CLE requirements in Washington and other states where Defendants are approved CLE providers.

## V.

## CAUSE OF ACTION

19. The Americans with Disabilities Act is a "national mandate for the elimination of discrimination against individuals with disabilities," 42 U.S.C. § 12101 (b)(1).

20. The ADA has a specific provision dealing addressing the issue presented by this lawsuit, as follows:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

42 U.S.C. § 12189.

21. Courses that satisfy requirements necessary to maintain an active license to practice law are related to licensing for professional purposes, and must therefore be offered in a manner accessible to persons with disabilities.

22. The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual," 42 U.S.C. § 12102 (1)(A), and lists hearing, learning and working as among "major life activities," 42 U.S.C. §

CLASS ACTION COMPLAINT - 5

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

12102(2)(A). The existence of a disability is to be determined "without regard to the ameliorative effects of mitigating measures such as … hearing aids and cochlear implants," 42 U.S.C. § 12102(4)(E)(i)(I). Because his hearing impairment prevents Zwerin from understanding and therefore learning from online CLE courses that lack captioning, he is a person with a disability within the meaning of the ADA as it applies to online CLE courses.

23. The regulations specifically implementing § 12189 state that providing courses in an accessible format may require the provider to offer "auxiliary aids and services," 28 C.F.R. § 36.309(c)(3), which are defined by example as "interpreters or other effective methods of making orally delivered materials available to individuals with hearing impairments," *id*. Regulations generally implementing Title III of the ADA, of which § 12189 is a part, explicitly list "open and closed captioning" as examples of auxiliary aids and services. 28 C.F.R. § 36.303(b)(1).

24. The regulations specifically implementing § 12189 state that providing courses in an accessible format may require the provider to offer "auxiliary aids and services," 28 C.F.R. § 36.309(c)(3), which are defined by example as "interpreters or other effective methods of making orally delivered materials available to individuals with hearing impairments," *id*. Regulations generally implementing Title III of the ADA explicitly list "open and closed captioning" as examples of auxiliary aids and services. 28 C.F.R. § 36.303(b)(1).

25. By failing to provide captioning or any other effective method of making orally delivered material available to Zwerin or other members of the putative class of similarly situated attorneys, Defendants are violating the ADA.

26. Captioning online CLE content is feasible. The Practicing Law Institute has been offering captioning since at least 2018, https://www.pli.edu/accessibility (last visited May 16, 2021). Attorney Credits captions its streaming videos. https://www.attorneycredits.com/features/feature-faq (last visited May 16, 2021). In response to the April 23 letter, the National Business Institute, https://www.nbi-sems.com/, MyLawCLE,

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

https://mylawcle.com/ (which shares CLE content with the Federal Bar Association) and the National Academy of Continuing Legal Education https://www.nacle.com/ all committed both to providing captions and to indicating that captioning is available. It is presently doing that, as indicated by a recent online advertisement for an upcoming course.

https://mylawcle.com/products/how-the-ada-impacts-websites-and-mobile-apps-and-what-businesses-should-do-about-it/ (last visited June 4, 2021).

27. The ADA permits private individuals to bring an action for injunctive relief to prevent further violations, 42 U.S.C. § 12188(a)(1) (incorporating remedies available under 42 U.S.C. § 2000a-3), including an order that necessary auxiliary aids and services be provided, 42 U.S.C. § 12188(a)(2).

28. The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57, Fed. R. Civ. P., empower this Court to declare the rights of interested parties.

29. Plaintiff Zwerin is entitled to a declaratory judgment that Defendants must provide captioning and other auxiliary aids and services to make its courses accessible to him and to other members of the putative class of similarly situated attorneys, and to an injunction requiring all Defendants to do so.

30. Additionally, Zwerin is entitled to a declaratory judgment that the Defendants must indicate on their websites and in any other advertising that captioning or other auxiliary aids and services can be provided for its courses, and if captioning is provided for fewer than all courses, must indicate the courses for which captioning is available through such designation as a [cc] icon placed next to each course title.

## V.
## CLASS ALLEGATIONS

31. Plaintiff brings this action pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure, and ask this Court to certify a class defined as follows:

> All attorneys subject to mandatory Continuing Legal Education requirements who, because of their hearing losses, need captioning or other auxiliary aids and services to understand and therefore benefit from the courses offered by Defendants.

32. Based on objective data from a random sample of the adult population, Lin et al. from Johns Hopkins University estimate that some 15 million Americans between the ages of 20 and 70 have an impairing hearing loss, which is roughly 7% of the overall population in that age range. https://www.statista.com/statistics/241488/population-of-the-us-by-sex-and-age/ (last visited May 15, 2021).

33. There are roughly 1.33 million lawyers in the United States as of 2020, https://www.statista.com/statistics/740222/number-of-lawyers-us/The_total_number_of_lawyers,2015_figure_of_1.3_million. (last visited May 15, 2021). If lawyers sustain impairing hearing loss at the same rate as the general population aged 20-70, these numbers would suggest that over 90,000 U.S. attorneys have an impairing hearing loss, and many would benefit from captioning or other auxiliary aids and services.

34. The requirements of Rule 23(a), Fed. R. Civ. P., are satisfied for the following reasons:

**Numerosity**: As stated in Paragraphs 26 and 27, the putative class members are too numerous to be joined and impossible to identify.

**Commonality and Typicality:** The questions of law and fact raised by Zwerin's complaint would be common to the issues raised by any other attorney with hearing loss concerning Defendants' courses, and the requested relief would benefit all members of the putative class. Because the claim is being brought under Title III of the ADA, which does not permit individuals to recover monetary damages, there are no individual issues, although members of the putative injunction class could still seek damages under any state or local law that might provider for such relief.

**Fair and Adequate Representation:** There are no conflicts between Zwerin's claims and the interests of any member of the putative class because an injunction requiring the provision of necessary auxiliary aids and services including captioning would not preclude any class member from seeking the particular aid and service required by that individual. Undersigned pro hac vice counsel has considerable experience representing plaintiffs in cases seeking to require the provision of auxiliary aids and services for people with hearing loss, including *Childress v. Fox,* 932 F.3d 1165 (8th Cir. 2019) and *Washington State Comm'n Access Project v. Regal Cinemas et al.,* 293 P.3d 413 (Wash. App. 2013). Because certification is being sought under Rule 23(b)(2), which does not require notice or provide for opting out of the claims for equitable relief, there will be no difficulty managing the class. Zwerin can fairly represent the interests of all such potential claimants.

35. The requirements of Rule 23(b)(2) are satisfied because Defendants' failures to provide auxiliary aids and services affects all potential class members equally, and injunctive and declaratory relief requiring Defendants to provide captioning and other auxiliary aids and services would remedy that failure for all members of the putative class.

## VI.
## PRAYER FOR RELIEF

36. Plaintiff is entitled to relief as follows pursuant to the provisions of 42 U.S.C. § 12188(a)(1), which incorporates the remedies of 42 U.S.C. § 2000a(3):

    a. For a declaratory judgment stating that the ADA requires Defendants to provide auxiliary aids and services including captioning for all courses, and for a nationwide injunction requiring them to do so;

    b. For a declaratory judgment stating that Defendants must provide notice in all advertising that captioning and other auxiliary aids and services are available, and for which courses, and for a nationwide injunction requiring Defendants to do so;

        c.      For all costs of court, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205;

        d.      For such other and further relief as may be appropriate.

DATED: June 10, 2021.

**LOCAL COUNSEL:**

**BRESKIN JOHNSON TOWNSEND, PLLC**

<u>s/ Roger M. Townsend</u>
Roger M. Townsend, WSBA No. 25525
1000 Second Avenue, Suite 3670
Seattle, Washington 98104
Tel: 206-652-8660
Fax: 206-652-8290
rtownsend@bjtlegal.com

**OF COUNSEL:**

**LAW OFFICE OF JOHN F. WALDO**
John F. Waldo
Texas Bar No 20679900
(pro hac vice application pending)
2108 McDuffie Street
Houston, TX 77019
Tel: 206-849-5009
johnfwaldo@hotmail.com

*Counsel for Plaintiff*